UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. VIJAY VASUDEV, et al. | : |
| Plaintiffs, | : Civil Action No. 15-7554 (MAS)(DEA) |
| v. | : **ORDER** |
| MMC GROUP OF USA, LLC, *et al.,* | : |
| Defendants. | : |

     This matter comes before the Court on a motion by Plaintiffs for leave to effect service of process by "alternative" means. ECF No. 16. Specifically, Plaintiffs are seeking leave to serve Vector Global Holding Inc. ("Vector"), Rohit Punj, Shivani Punj, and Madhu Punj (the "Individual Defendants", collectively with Vector, "Defendants") via certified and regular mail. Plaintiffs state that they have been unable to effect personal service upon Defendants, and bring their motion pursuant to Federal Rule of Civil Procedure 4(e)(1) and New Jersey Court Rules 4:4-3 and 4:4-4.

     As stated in the Affidavits of Service filed in this matter, a process server employed by Plaintiffs has made a number of unsuccessful attempts at personal service. *See* ECF Nos. 10-13. The process server attempted to personally serve the Individual Defendants at a residence where they reside together[1] on the following dates: November 25, 2015 at 5:55 a.m. and again at 7:30 a.m.; November 30, 2015 at 9:48 a.m.; December 9, 2015 at 6:50 p.m.; and December 19, 2015 at 8:30 a.m. ECF Nos. 10, 11 and 13.

---

[1] Defendants confirm in their opposition brief that they reside together at the address at which Plaintiff has attempted service.

On December 9, 2015, the process server attempted to personally serve Vector at the address of the registered agent on file with New Jersey's Secretary of State. However, the process server found the address to be a UPS Store where Vector was renting a mailbox. ECF No. 12. Upon inquiry, the process server was advised that neither Vector nor its registered agent (Defendant Madhu Punj) maintained a physical presence at that address. *Id.*

Following these failed attempts at personal service, on December 31, 2015, the process server sent the Summons and Complaint by first class mail as well as certified mail, return receipt requested, to the Individual Defendants' home address and to Vector's registered business address. The certified mail was returned as undelivered, and the first class mail was not. ECF No. 16 (Sproviero Decl. at ¶ 14). This motion followed.

Defendants, who apparently have received notice of this lawsuit, have opposed Plaintiffs' motion. They argue that substituted service via court order is inappropriate here because such service is proper only in extraordinary circumstances, such as where a defendant is evading service. Defendants' arguments are misplaced, however, in that they ignore the fact that under the Federal Rules of Civil Procedure and New Jersey Court Rules, a party may effect service by mail under certain circumstances.

Federal Rule of Civil Procedure 4 provides that a defendant "may be served in a judicial district of the United States by … following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Although the primary method of obtaining personal jurisdiction over a defendant in New Jersey "is by causing the summons and complaint to be personally served within [New Jersey]", personal jurisdiction "may be obtained by mail under

the circumstances and in the manner provided by R. 4:4-3." R. 4:4-4(a); *U.S. Bank Nat'l Ass'n v. Curcio*, 444 N.J. Super. 94, 106 (App. Div. 2016).

As relevant here, Rule 4:4-3 provides as follows:

If personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant.... The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service.... Return of service shall be made as provided by R. 4:4-7.

Thus, the threshold question here is whether Plaintiffs made a "reasonable and good faith attempt" to serve Defendants personally. The Court finds that Plaintiffs did. As set out in the Declaration of Plaintiffs' counsel (*see* ECF No. 18), counsel first engaged in online searches using Google and Westlaw to obtain Defendants' addresses. Plaintiffs then retained a private process server who made multiple unsuccessful attempts at personal service. *See Curcio*, 444 N.J. Super at 106 (finding that a reasonable and good faith attempt was made where plaintiff searched multiple sources to confirm the address for service and "employed a private process server who certified he/she unsuccessfully attempted [personal service] on at least three separate occasions"). Having failed at these attempts at personal service, Plaintiff was permitted by Rule 4:4-3 to serve Defendants by mail. R. 4:4-3(a).

Notably, once the requirement of a "reasonable and good faith attempt" at personal service is met, no court order is required for a plaintiff to resort to service by mail under Rule 4:4-3. Under Rule 4:4-4(b), "[i]f service can be made by any of the modes provided by this rule, no court order shall be necessary." Service by mail under Rule 4:4-3 is one "mode" of service permitted by Rule 4:4-4(a). *See Curcio*, 444 N.J. Super at 107 (finding no court order required;

3

"Rule 4:4-3(a) only requires 'a reasonable and good faith attempt' to effect personal service before resorting to service by mail.")

> As far as proof of service and diligent inquiry, Rule 4:4-7 provides, in pertinent part:
>
> If service is made by mail, the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment. With the proof shall be filed the affidavit or affidavits of inquiry, if any, required by R. 4:4-4 and R. 4:4-5.

Here, Plaintiffs have filed Affidavits of the process server detailing the attempts at personal service as well as the service by mail. ECF Nos. 10-13. Plaintiffs also have filed two Declarations of Glen A. Sproviero, Esq. One describes the online searches by counsel used to obtain the Individual Defendants' home address. ECF No. 18. The other explains, *inter alia*, that Plaintiffs received notification that Defendants did not accept the certified mailings,[2] and that the first class mailings have not been returned.

Under Rule 4:4-3, where, as here, a party "make[s] service simultaneously by registered or certified mail and ordinary mail, and … the addressee refuses to claim or accept delivery of registered mail and … the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service." R. 4:4-3(a). Consequently, the Court finds that service has been made in accordance with New Jersey law and, therefore, proper service has been effected under Federal Rule of Civil Procedure 4. Thus, to the extent that Plaintiffs seek an Order from this Court to effect service by certified and first class mail, no such Order is necessary and the motion is moot.

---

[2] Rule 4:4-7 requires "the unclaimed registered or certified mail" to be filed as part of the proof of service. To the extent that Plaintiffs' failed to include this with their proof of service, the Court notes that Rule 4:4-7 also provides that "[f]ailure to make proof of service does not affect the validity of service."

Defendants, having not yet filed an Answer to the Complaint, are in default. However, in light of the apparent confusion among the parties as to whether service was actually effected, the Court will extend Defendants' time to respond to the Complaint. Accordingly,

**IT IS** on this 12th day of July 2016,

**ORDERED** that Plaintiff's motion [ECF No. 16] for alternative service is hereby DENIED as moot; and it is further

**ORDERED** that Defendants' time to Answer the Complaint is hereby extended to July 26, 2016.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge