Keith J. Miller
Michael J. Gesualdo
ROBINSON MILLER LLC
One Newark Center
19th Floor
Newark, NJ 07102
(973) 690-5400
kmiller@rwmlegal.com
mgesualdo@rwmlegal.com

*Attorneys for Defendants*
*MMG Group of USA, LLC, Vector Global Holding Inc.,*
*Greene County Properties, LP, Rohit Punj,*
*Shivani Punj, Madhu Punj, and Eileen Zullo*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-----------------------------------------------------------X

| | |
|---|---|
| DR. VIJAY VASUDEV; | : |
| DR. KANCHAN VASUDEV; | : |
| DR. MANU VASUDEV; AND | : |
| TARUN VASUDEV, | : |
| | : Civil Action No. 3:15-cv-07554 (BRM) (DEA) |
| | : |
| Plaintiffs, | : |
| | : **DEFENDANTS' ANSWER** |
| | : **AFFIRMATIVE DEFENSES, AND** |
| | : **COUNTERCLAIMS** |
| v. | : |
| | : |
| MMG GROUP OF USA, LLC; | : |
| VECTOR GLOBAL HOLDING INC.; | : |
| GREENE COUNTY PROPERTIES, LP; | : |
| ROHIT PUNJ; SHIVANI PUNJ; | : |
| MADHU PUNJ; AND EILEEN ZULLO | : |
| | : |
| Defendants. | : |

-----------------------------------------------------------X

Defendants MMG Group of USA, LLC, Vector Global Holding Inc., Greene County

Properties, LP, Rohit Punj, Shivani Punj, Madhu Punj, and Eileen Zullo, respond to plaintiffs'

Complaint as follows:

## PARTIES

1.      Defendants admit the allegations in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations in Paragraph 2 of the Complaint.

3.      Defendants admit that Vector Global Holdings Inc. is a New Jersey Corporation but deny the remaining allegations in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations in Paragraph 8 of the Complaint.

## STATEMENT OF JURISDICTION AND VENUE

9.      The allegations of paragraph 9 of the Complaint assert legal conclusions, to which no response is required.

10.     The allegations of paragraph 10 of the Complaint assert legal conclusions, to which no response is required.

11.     Defendants deny the allegations in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations in Paragraph 12 of the Complaint.

## FACTS COMMON TO ALL COUNTS

### Background

13.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14.    Defendants admit the allegations in paragraph 14 of the Complaint.

15.    Defendants admit the allegations in paragraph 15 of the Complaint.

16.    Defendants deny the allegations in paragraph 16 of the Complaint.

17.    Defendants deny the allegations in paragraph 17 of the Complaint.

18.    Defendants deny the allegations in paragraph 18 of the Complaint.

19.    Defendants deny the allegations in paragraph 19 of the Complaint.

20.    Defendants deny the allegations in paragraph 20 of the Complaint.

21.    Defendants deny the allegations in paragraph 21 of the Complaint.

22.    Defendants deny the allegations in paragraph 22 of the Complaint.

23.    Defendants deny he allegations in paragraph 23 of the Complaint.

24.    Defendants deny the allegations in paragraph 24 of the Complaint.

25.    Defendants deny the allegations in paragraph 25 of the Complaint.

26.    Defendants deny the allegations in paragraph 26 of the Complaint.

27.    Defendants deny the allegations in paragraph 27 of the Complaint.

28.    Defendants deny the allegations in paragraph 28 of the Complaint.

29.     Defendants deny the allegations in paragraph 29 of the Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Complaint.

31.     Defendants admit the allegations in paragraph 31 of the Complaint.

32.     Defendants admit that four entities exist but deny the remaining allegations in paragraph 32 of the Complaint.

**High Street Property**

33.      To the extent the allegations of paragraph 33 purport to characterize written documents, the terms of which speak for themselves, no further response is required.

34.      To the extent the allegations of paragraph 34 purport to characterize written documents, the terms of which speak for themselves, no further response is required.

35.     To the extent the allegations of paragraph 35 purport to characterize written documents, the terms of which speak for themselves, no further response is required.

36.     To the extent the allegations of paragraph 36 purport to characterize written documents, the terms of which speak for themselves, no further response is required.

37.     Defendants admit the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     To the extent the allegations of paragraph 44 purport to characterize written documents, the terms of which speak for themselves, no further response is required.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

### Muscle Maker Grill Franchises

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants admit the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants admit that Plaintiffs had a 50% share of the Muscle Maker Grill licenses but deny knowledge or information regarding the remaining allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Defendants admit that Plaintiffs were involved and agreed to investing in the opening of MMG Express but deny the remaining allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 of the Complaint and therefore deny the allegations on that basis.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 of the Complaint and therefore deny the allegations on that basis.

71.     Defendants admit that they agreed to a meeting, but deny the remaining allegations in paragraph 71 of the Complaint.

72.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 of the Complaint regarding plaintiffs' arrival to the United States. Defendants deny the remaining allegations in paragraph 72 of the Complaint.

73.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 of the Complaint regarding plaintiffs' visit to the MMG restaurants.  Defendants deny the remaining allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants deny the allegations in paragraph 79 of the Complaint.

**<u>Vector Global Holding Trailers</u>**

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants admit the allegations in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants deny the allegations in paragraph 93 of the Complaint.

94.     Defendants deny the allegations in paragraph 94 of the Complaint.

95.     Defendants deny the allegations in paragraph 95 of the Complaint.

**30 Burger Investment**

96.     Defendants deny the allegations in paragraph 96 of the Complaint.

97.     Defendants deny the allegations in paragraph 97 of the Complaint.

98.     Defendants deny the allegations in paragraph 98 of the Complaint.

99.     Defendants deny the allegations in paragraph 99 of the Complaint.

## FIRST COUNT

### MMG Group of USA, LLC – Derivative Action

100.    The allegations in paragraph 100 state legal conclusions to which no answer is required.  To the extent an answer is required, defendants deny the allegations.

101.    Defendants deny the allegations in paragraph 101 of the Complaint.

102.    Defendants deny the allegations in paragraph 102 of the Complaint.

103.    Defendants deny the allegations in paragraph 103 of the Complaint.

104.    The allegations in paragraph 104 state legal conclusions to which no answer is required.  To the extent an answer is required, defendants deny the allegations.

105.    The allegations in paragraph 105 state legal conclusions to which no answer is required.  To the extent an answer is required, defendants deny the allegations.

## SECOND COUNT

### MMG Group of USA, LLC, Oppressed Minority Shareholder

106.    The allegations in paragraph 106 state legal conclusions to which no answer is required.  To the extent an answer is required, defendants deny the allegations.

107.    Defendants deny the allegations in paragraph 107 of the Complaint.

108.    The allegations in paragraph 108 state legal conclusions to which no answer is required.  To the extent an answer is required, defendants deny the allegations.

## THIRD COUNT

### In the Alternative
### MMG Group of USA, LLC, Fraudulent Inducement and Fraud

109.    The allegations in paragraph 109 state legal conclusions to which no answer is required.  To the extent an answer is required, defendants deny the allegations.

110.    Defendants deny the allegations in paragraph 110 of the Complaint.

## FOURTH COUNT

### High Street Property Agreement Contractual Claims

111.    Defendants deny the allegations in paragraph 111 of the Complaint.

112.    Defendants deny the allegations in paragraph 112 of the Complaint.

## FIFTH COUNT

### High Street Property – Ownership Fraud

113.    Defendants deny the allegations in paragraph 113 of the Complaint.

114.    Defendants deny the allegations in paragraph 114 of the Complaint.

## SIXTH COUNT

### Vector Global Holding Fraud Claim

115.    Defendants deny the allegations in paragraph 115 of the Complaint.

116.    Defendants deny the allegations in paragraph 116 of the Complaint.

## SEVENTH COUNT

### Vector Global Holding - Contractual Claim

117.    Defendants deny the allegations in paragraph 117 of the Complaint.

118.    Defendants deny the allegations in paragraph 118 of the Complaint.

## EIGHTH COUNT

### 30 Burger Investment Franchise Loan

119.    Defendants deny the allegations in paragraph 119 of the Complaint.

120.    Defendants deny the allegations in paragraph 120 of the Complaint.

## NINTH COUNT

### Breach of Fiduciary Duty

121.    The allegations in paragraph 121 state legal conclusions to which no answer is required.  To the extent an answer is required, defendants deny the allegations.

122.    Defendants deny the allegations in paragraph 122 of the Complaint.

## TENTH COUNT

### Unjust Enrichment

123.    The allegations in paragraph 123 state legal conclusions to which no answer is required.  To the extent an answer is required, defendants deny the allegations.

## ELEVENTH COUNT

### Demand for Accounting

124.    The allegations in paragraph 124 state legal conclusions to which no answer is required.  To the extent an answer is required, defendants deny the allegations.

*       *       *

Defendants deny all allegations not expressly admitted or responded to herein.  Defendants further deny that Plaintiffs are entitled to any of the relief requested, or to any relief at all, and respectfully request that the Court:  (a) dismiss this action with prejudice; (b) enter judgment in favor of Defendants; (c) award Defendants their reasonable attorneys' fees and costs of defending this action pursuant to 35 U.S.C. § 285; and (d) award Defendants such further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in the Answer, without admitting any allegation in the complaint not otherwise admitted, and without undertaking any of the burdens imposed by law on Plaintiffs, Defendants assert the following affirmative defenses:

### First Affirmative Defense

The Agreements at issue were repudiated by Plaintiffs.

### Second Affirmative Defense

The Agreements at issue were cancelled by Plaintiffs.

### Third Affirmative Defense

Plaintiffs have waived the rights that they now seeks to enforce.

### Fourth Affirmative Defense

Defendants are entitled to a setoff of any damages caused by Plaintiffs' unlawful conduct.

### Fifth Affirmative Defense

Plaintiffs' claims are barred by the statute of limitations.

**Sixth Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Seventh Affirmative Defense**

The Agreements at issue are unenforceable because material terms thereof are internally inconsistent, vague and ambiguous.

**Eighth Affirmative Defense**

Plaintiffs' claims should be dismissed because plaintiffs have suffered no concrete injury, monetary or otherwise, attributable to Defendants.

**Ninth Affirmative Defense**

Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrine of laches, waiver, estoppel and unclean hands.

**Tenth Affirmative Defense**

The Court lacks subject matter jurisdiction over claims asserted against Defendants.

**Eleventh Affirmative Defense**

The Court lacks personal jurisdiction over claims asserted against Defendants.

**Twelfth Affirmative Defense**

To the extent Plaintiffs lack standing or capacity to bring or maintain this action, dismissal of this action is required.

**Thirteenth Affirmative Defense**

Plaintiffs' claims should be dismissed because they are barred by contributory and/or comparative negligence.

**Fourteenth Affirmative Defense**

Plaintiffs' claims should be dismissed because Defendants acted in good faith such that such actions and conduct were lawful and valid.

**Fifteenth Affirmative Defense**

Defendants reserve the right to amend their Answer to assert such additional affirmative defenses as discovery may reveal are warranted.

*        *        *

## COUNTERCLAIMS

Defendants MMG Group of USA, LLC, Vector Global Holding Inc., Greene County Properties, LP, Rohit Punj, Shivani Punj, Madhu Punj, and Eileen Zullo, as and for their counterclaims against Plaintiffs, state as follows:

1.       Defendants Rohit Punj, Shivani Punj, and Madhu Punj reside at 56 Milestone Drive, Ringoes, New Jersey 08551.

2.       Defendant Eileen Zullo resides at 1915 Mary Street, Pittsburgh Pennsylvania 15301.

3.       Defendant MMG Group of USA, LLC ("MMG") is a limited liability company with a principal place of business formerly in Pittsburgh, PA.

4.      Defendant Vector Global Holding Inc. is a New Jersey corporation with a principal place of business at Whitehouse Station, NJ.

5.      Defendant Greene County Properties, LP is a limited partnership with a principal place of business in Pittsburgh, PA.

6.      Plaintiffs Dr. Vijay Vasudev, Kanchan Vasudev, Dr. Manu Vasudev and Tarun Vasudev reside at House No. 6, Cool Road, Jalandhar, Punjab 144001, India.

7.      The Court has supplemental jurisdiction over the counterclaims pursuant to 28 U.S.C. §1367 because the counterclaims are so related to plaintiffs' claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because defendants/counterclaim plaintiffs reside in this judicial district.

## FACTS

**Plaintiff Dr. Vijay Vasudev Requests That Defendants
Sponsor His Son, Tarun Vasudev, So He Can Obtain An H1B Work Visa**

9.      In May 2011, Dr. Vijay Vasudev met with his nephew, Rohit Punj, Shivani Punj, Rohit's wife, and Eileen Zullo, Rohit's business partner of several years, at a Hyatt Hotel in New Brunswick, New Jersey.

10.     The purpose of the meeting was to discuss the relocation of Dr. Vijay Vasudev's youngest son, Tarun Vasudev, and his family from India to the United States.

11.     Specifically, Dr. Vijay Vasudev requested that Defendants sponsor Tarun Vasudev so that he could obtain a H1B work Visa and live in the United States.

12.     Dr. Vijay Vasudev represented that Tarun Vasudev had a college degree from an accredited university in India and that he had technical experience working in India as a business analyst, including some experience in the field of hazardous materials.

13.     Dr. Vijay Vasudev suggested that his son work at Eileen Zullo's family owned business of more than 60 years, CGI Group of Companies ("CGI"), which specializes in manufacturing and distribution of major bulk gases carbon dioxide, nitrogen, oxygen, argon and propane.

14.     Eileen Zullo, who had previously sponsored a chemical engineer from India on an H1B Visa, agreed to sponsor Tarun Vasudev and provide him with employment at CGI based upon Dr. Vijay Vasudev's representations about his son's education and experience and because of the familial relationship between Plaintiffs and her business partner Rohit Punj.

15.     Dr. Vijay Vasudev also requested that Defendants assist his son and family to find a place to live and to help them get accustomed to living in the United States.

### Plaintiffs' Request To Invest With Defendants

16.     The discussion at the May 2011 meeting also concerned investments that Dr. Vijay Vasudev, a surgeon and owner of several businesses in India, wanted to make in the United States.  Dr. Vijay Vasudev sought to invest with Defendants because he was aware of their business experience.  Plaintiff Dr. Vijay Vasudev was well aware of Rohit Punj's successful background and significant experience with major US and foreign corporations.  He was also aware that Eileen Zullo was CEO and an owner of a nearly 70 year old family owned company and that she had significant business experience as a Sr. VP with a major Australian corporation.

17.     Because Dr. Vijay Vasudev did not have experience in investing in businesses outside of India, he suggested to Defendants that they enter into joint business ventures with Plaintiffs in the United States.

18.     Dr. Vijay Vasudev represented that he would provide capital for investments if the Defendants would leverage their business connections and experience to locate, build and manage the potential investments.

19.     Defendants agreed with Plaintiffs' proposal.

**The Parties' Investments**

20.     Between January 2012 and June 2014, Plaintiffs invested in four business ventures with Defendants.

21.     The first business venture was High Street Property, a commercial property in Franklin Township, Pennsylvania that generated rental income.

22.     The second business venture was Vector Global Holding Trailers, which purchased and refurbished hydrogen tube trailers for rental in the hydrogen industry.

23.     The third business venture was MMG franchises, which were restaurants located New Jersey and Pennsylvania.

24.     The fourth business venture was 30 Burgers, a restaurant located in Princeton, New Jersey.

25.     All of the investments, except MMG, generated profits for Plaintiffs and Defendants.  Two of the four investments, High Street Property and Vector Global Holding, were secure investments that provided immediate returns for Plaintiffs and Defendants.

**Plaintiff Tarun Vasudev Arrives In The United States To Work At CGI**

26.     After his Visa process was completed, Dr. Vijay Vasudev expressed to Defendants that his son was entitled to be "taken care of" when he arrived in the United States.  He insisted that his son be given a new luxury vehicle, and that Defendants should pay for the vehicle.   He further believed that his son and family's transition from India to the United States should be seamless and expected Defendants to provide everything for them.  Tarun Vasudev and his family arrived in the United States in March 2014.

27.      Defendants assisted in locating an apartment in Pennsylvania for Tarun Vasudev and his family to reside.  Eileen Zullo took the Defendants to visit numerous living spaces and recommended that Tarun Vasudev and his family should locate close to the MMG location which would also provide convenient highway access to CGI. The neighborhood recommended was in a historic neighborhood that offered a great variety of living spaces, transportation, shops and convenience all within walking distance.  The factors Eileen Zullo cited for living accommodations in this neighborhood were that Tarun Vasudev's wife could not drive and that Tarun Vasudev was not accustomed to driving, as he had a driver in India.  Tarun Vasudev declined Eileen Zullo's suggestion and instead chose housing that required him to wait in rush hour traffic and allowed limited walkable options for his wife and child.

28.     Rohit Punj also gave Tarun Vasudev his newly leased luxury vehicle so that Tarun Vasudev could drive to his job at CGI as a business analyst and to MMG, where he was to work as manager of the restaurant.

29.     Within his first month at CGI, it became apparent to Eileen Zullo that Tarun Vasudev was not qualified to work as a business analyst. He had a sense of entitlement that he

would be "taken care of" and was neither showing up to work nor providing any work product from his assignments.

30.     Shortly thereafter, Defendants advised Tarun Vasudev and Dr. Vijay Vasudev that Tarun Vasudev would be removed from his position at CGI because he was not properly performing his job.   Specifically, Tarun Vasudev did not have any interest in completing assignments, lacked business acumen and experience to fulfill job responsibilities at CGI or MMG. Defendants were convinced that Tarun Vasudev was unqualified and lacked any desire to work.

31.     In response, Dr. Vijay Vasudev demanded that his son be placed in a non-technical position at CGI.  He also suggested that a separate New Jersey office be opened up for Tarun Vasudev so that he could move to New Jersey because Tarun Vasudev no longer wanted to live in Pennsylvania.

32.     Eileen Zullo advised Dr. Vijay Vasudev that CGI did not conduct business in New Jersey and that it would not open a New Jersey office for his son.

33.     Dr. Vijay Vasudev next demanded that his son be given a job as manager of Vector Global Holding Inc.'s property in Whitehouse Station, New Jersey, which provided storage for hydrogen gas trailers.

34.     Defendants refused to hire Tarun Vasudev for this position because it involved managing hazardous materials and he was not qualified to manage them.

35.     Tarun Vasudev was also not interested in his job as MMG manager. He exhibited the same behavior as at CGI.   He refused to show up for work on a regular basis, stated that he would not work evenings and failed to follow through on his assignments. He was unwilling and unable to manage the MMG employees.

36.     The MMG restaurant continued to suffer financially as a result of Tarun Vasudev's failure to attend work and properly manage his employees.

37.     In addition, Defendants Rohit Punj and Eileen Zullo were forced to take time away from their busy schedules at their places of employment to resolve managerial issues at MMG cause by Tarun Vasudev's failure to properly manage the restaurant.

38.     Once Dr. Vijay Vasudev realized that his son was unable to handle either job, he advised Tarun Vasudev to immediately leave the United States.  His sudden departure, with no notice left the MMG restaurant in further peril.  The cash register was not closed out, cash was left in the registers unattended was should have been deposited.   Tarun Vasudev did not advise what orders had or had not been placed with vendors or what employees were scheduled to work.  He just walked out and left the employees on their own.  On or about August 2013, Tarun Vasudev quit as manager of the restaurant without providing any notice to his co-employees or to Defendants and left Pennsylvania to go to New Jersey and refused to return Rohit Punj's car.  He eventually returned to India.

39.     Plaintiffs refused to pay for their portion of the losses sustained by MMG, including those losses caused by Tarun Vasudev's unannounced departure as a MMG manager.

**<u>Plaintiffs' Attempts To Breach Their Investment Contracts With Defendants</u>**

40.     When the relationship began to deteriorate as a result of the Tarun Vasudev's lack of interest and inability to perform either job, plaintiffs became accusatory and began a campaign to defame the defendants and the investments, even though three of the four investments were profitable.

41.     Defendants, who had previously provided monthly P&L statements for each investment, complied with Plaintiffs request and provided the passwords for each of the bank accounts where the investments were kept.

42.     It became apparent that as a result of refusing to provide employment for Tarun Vasudev as manager of Vector Global Holding Inc., and because Tarun Vasudev unilaterally quit his job as manager of MMG, Plaintiffs wanted full reimbursement of their investments, even though Plaintiffs' investments were fully allocated and were providing the parties with substantial income.

43.     After Defendants provided the requested information, Plaintiffs embarked on an additional campaign of threats and intimidation, including threatening to have Defendant Rohit Punj's mother jailed if she visited India, in order to pressure Defendants into reimbursing all of their investments.  Dr. Vijay Vasudev contacted several of Rohit Punj's aunts and uncles in both the US and India, and other business partners, to try to garner support by disparaging Rohit Punj's reputation.   This caused great strife among Defendant Rohit Punj's family members.

## FIRST COUNTERCLAIM
## (BREACH OF CONTRACT)

44.     Defendants repeat and reallege the foregoing paragraphs of the Counterclaims as if set forth at length herein.

45.     Plaintiffs had a duty to Defendants under the agreements to provide capital for investments in several of Defendants' business ventures in exchange for various returns on their investments including rental payments and profits.

46.     Plaintiffs sought unilaterally to make their investments in Defendants' business ventures contingent upon employment of Dr. Vijay Vasudev's son, Tarun Vasudev, to which Defendants did not agree.

47.     Plaintiffs sought unilaterally to demand the full reimbursement of their investments, to which Defendants did not agree.

48.     Plaintiffs also have refused to pay their portion of losses that were incurred in the MMG investment.

49.     As a result of Plaintiffs actions, Defendants have sustained damages.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment in their favor against Plaintiffs in an amount to be determined, plus interest, attorneys' fees, costs and expenses incurred in connection with this action and any other relief to which Defendants are justly entitled.

## SECOND COUNTERCLAIM

### (BREACH OF THE IMPLIED COVENANT
### OF GOOD FAITH AND FAIR DEALING)

50.     Defendants repeat and reallege the foregoing paragraphs of the Counterclaims as if set forth at length herein.

51.     The parties to a contract have an agreement to deal with each other fairly and in good faith.

52.     By the conduct described in the Counterclaims, Plaintiffs have breached the implied covenant of good faith and fair dealing owed to Defendants under the Agreements at issue.

53.    As a result of Plaintiffs' breach of the implied covenant of good faith and fair dealing, Defendants had been damaged.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment in their favor against Plaintiffs in an amount to be determined, plus interest, attorneys' fees, costs and expenses incurred in connection with this action and any other relief to which Defendants are justly entitled.

Dated: August 9, 2016                    Respectfully Submitted,

By: *s/ Keith J. Miller*
         Keith J. Miller

Keith J. Miller
Michael J. Gesualdo
ROBINSON MILLER LLC
One Newark Center
19th Floor
Newark, NJ 07102
(973) 690-5400
kmiller@rwmlegal.com
mgesualdo@rwmlegal.com

*Attorneys for Defendants*
*MMG Group of USA, LLC, Vector Global Holding Inc.,*
*Greene County Properties, LP, Rohit Punj,*
*Shivani Punj, Madhu Punj, and Eileen Zullo*

## **JURY DEMAND**

Defendants/Counterclaim-Plaintiffs hereby demand a jury trial of all issues triable by jury in the Counterclaims.

Dated: August 9, 2016   By: *s/ Keith J. Miller*
         Keith J. Miller

         Keith J. Miller
         Michael J. Gesualdo
         ROBINSON MILLER LLC
         One Newark Center
         19th Floor
         Newark, NJ 07102
         (973) 690-5400
         kmiller@rwmlegal.com
         mgesualdo@rwmlegal.com

         *Attorneys for Defendants*
         *MMG Group of USA, LLC, Vector Global Holding Inc.,*
         *Greene County Properties, LP, Rohit Punj,*
         *Shivani Punj, Madhu Punj, and Eileen Zullo*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Defendants, by their undersigned counsel, hereby certify that the matter in controversy is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceeding.


Dated:  August 9, 2016                     By: *s/ Keith J. Miller*
                                               Keith J. Miller


                                           Keith J. Miller
                                           Michael J. Gesualdo
                                           ROBINSON MILLER LLC
                                           One Newark Center
                                           19th Floor
                                           Newark, NJ 07102
                                           (973) 690-5400
                                           kmiller@rwmlegal.com
                                           mgesualdo@rwmlegal.com

                                           *Attorneys for Defendants*
                                           *MMG Group of USA, LLC, Vector Global Holding Inc.,*
                                           *Greene County Properties, LP, Rohit Punj,*
                                           *Shivani Punj, Madhu Punj, and Eileen Zullo*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of August, 2016, I caused a copy of the above document

to be served upon all counsel of record via the Court's electronic filing system.

Dated:  August 9, 2016         By: <u>*s/ Keith J. Miller*</u>
                                            Keith J. Miller