RECEIVED
DEC 29 2016
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------X

DR. VIJAY VASUDEV;
DR. KANCHAN VASUDEV;
DR. MANU VASUDEV; AND
TARUN VASUDEV,

        Civil Action No. 3:15-cv-07554 (BRM) (DEA)

        Plaintiffs,

        **DISCOVERY CONFIDENTIALITY ORDER**

v.

MMG GROUP OF USA, LLC;
VECTOR GLOBAL HOLDING INC.;
GREENE COUNTY PROPERTIES, LP;
ROHIT PUNJ; SHIVANI PUNJ;
MADHU PUNJ; AND EILEEN ZULLO

        Defendants.
------------------------------------------------------------X

    WHEREAS Plaintiffs Dr. Vijay Vasudev, Dr. Kanchan Vasudev, Dr. Manu Vasudev and Tarun Vasudev ("Plaintiffs") and Defendants MMG Group of USA, LLC, Vector Global Holding Inc., Greene County Properties, LP, Rohit Punj, Shivani Punj, Madhu Punj, and Eileen Zullo ("Defendants"), each a "Party" and together the "Parties", possess confidential, highly confidential and sensitive personal, business and financial information relating to, among other things, the Parties' internal operations, identification of customers, competitive matters, amount or source of income, profits, costs, losses or expenditures, technical or developmental information, and information concerning the Parties' production, marketing, sales, shipments, purchases, and/or pricing, which may be disclosed in providing initial disclosures, responding to discovery requests, providing testimony, or otherwise in these proceedings, and which must be protected in order to preserve the legitimate competitive, privacy and business interests of the Parties, and

WHEREAS good cause exists for entry of this Order, *see* Fed. R. Civ. P. 26(c), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); and

WHEREAS all Parties in their personal and business practices have gone to great lengths to safeguard and protect the confidentiality of the documents and information, and the disclosure of which would pose a substantial risk of irreparable harm to the producing Party's legitimate competitive, privacy, business, and proprietary interests; and

WHEREAS in support of their request for the entry of this Discovery Confidentiality Order, the Parties have submitted a Joint Declaration, which explain why the Parties believe entry of this Order is necessary; and

WHEREAS this Discovery Confidentiality Order provides reasonable restrictions on the disclosure of such sensitive materials of a confidential nature; and

WHEREAS all Parties agree to the terms of this Discovery Confidentiality Order to protect their confidential documents and information; and

WHEREAS to streamline the discovery process and minimize the need for Court intervention, this Discovery Confidentiality Order adopts an "umbrella" approach that allows the producing Party to designate certain materials being produced or deposition testimony as confidential. Disclosure of materials designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" are limited respectively to specific classes of persons; and

WHEREAS this Discovery Confidentiality Order provides for filing confidential documents with the Court under seal, in accordance with the applicable rules and procedures, if such documents need to be filed as part of motion practice or in connection with other aspects of these proceedings; and

WHEREAS this Discovery Confidentiality Order also provides that the Party requesting production of the information may challenge the producing Party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential; and

WHEREAS this Order allocates to the producing Party the burden of justifying the confidentiality designation and umbrella orders of this type have been approved by the United States Court of Appeals for the Third Circuit, *see Pansy*, 23 F.3d at 787 n.17, *Cippollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986), *cert denied*, 484 U.S. 976 (1987);

THEREFORE, in view of the foregoing and because the Parties hereto, by and through their respective counsel, have stipulated to the entry of the following Discovery Confidentiality Order pursuant to Fed. R. Civ. P. 26(c) and Local Civil Rule 5.3(b), and the Court having reviewed the submitted joint declaration, and having determined that good cause exists for the entry of this Order,

IT IS HEREBY AGREED, STIPULATED AND ORDERED THAT:

1. This Order shall apply to all information, documents, materials, and testimony including any copies thereof, that any Party or non-party ("Producing Party") may designate in good faith as being "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and which contain information which is appropriate for designation in this action (hereinafter collectively "PROTECTED MATERIALS"). This Order limits disclosure of such materials to specific classes of persons.

2. A Producing Party may designate as "CONFIDENTIAL" that material or information which that Party in good faith believes constitutes or contains personal or business material of a party which is not generally available to the public.

3. A Producing Party may designate as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that material or information which that Party in good faith believes constitutes or contains private personal information of a non-party, or a trade secret, highly sensitive know-how, or other highly sensitive research, development, or competitive, business, financial, cost or commercial information that would give an advantage to the designating party within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or information whose confidentiality the designating Party or person providing discovery is under a legal duty to protect consistent with the HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY level of protection.

4. The Producing Party shall designate PROTECTED MATERIALS by stamping, writing or affixing in a prominent manner the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –OUTSIDE ATTORNEYS' EYES ONLY," as appropriate, on each document or copy thereof. The confidentiality legend need not be placed on the original document, but may instead be placed upon copies produced to or exchanged with a receiving Party ("Receiving Party"). As to each document or portion so marked (subject to the exceptions contained in paragraphs below), the Receiving Party shall not disclose such document or portion (or the contents thereof) to others unless by specific order of this Court, written consent of the Producing Party, or as may otherwise be contemplated by this Order, and shall not use such document or portion (or the contents thereof) for any purpose other than the prosecution and/or defense of the above-entitled and numbered cause, and in accordance with the terms of this Order. All PROTECTED MATERIALS not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth above, such as models or electronic files, shall be designated by the Producing Party by informing the Receiving Party in writing and/or by so

labeling the media on which the electronic files are produced. Nothing in this Order constitutes an admission of any Party that any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" by a Producing Party constitutes an agreement or admission with respect to the competency, relevance, or materiality of any such information.

5.  Any materials designated "CONFIDENTIAL" shall only be used for the purposes of this litigation and shall not be delivered, exhibited, displayed or disclosed or caused to be delivered, exhibited, displayed or disclosed to any person except to:

(a) the Court, court personnel and jury members;

(b) the attorneys of record of the Receiving Party, including their partners, associates and their secretarial, paralegal or clerical employees (hereinafter "attorneys of record");

(c) a total of up to four (4) designated officers or employees for Plaintiffs collectively and for Defendant ("designees") who are required to participate in decisions with reference to this lawsuit and who sign the Undertaking in the form of Exhibit A attached hereto;

(d) litigation support consultants engaged to provide services relating to document indexing or imaging, demonstrative exhibits, graphics, charts, animations and/or jury studies;

(e) court reporters, stenographers and videographers utilized in connection with any deposition in this litigation and their employees;

(f) experts or consultants who are not potential fact witnesses in this action engaged by attorneys of record or the Parties to assist in the litigation, provided that any such non-party has signed an Undertaking in the form of Exhibit A attached hereto;

(g) persons, other than the Parties, being deposed as part of this litigation provided (i) they were either an author or actual and authorized recipient of the materials and are either currently employed by the Producing Party and/or were employed by the Producing Party at the time the CONFIDENTIAL material was created and (ii) they sign an Undertaking in the form of Exhibit A attached hereto and counsel are notified prior to the disclosure of CONFIDENTIAL materials; and

(h) any other person, entity, or firm with the prior written consent of the Producing Party.

No Party, or its counsel, shall directly or indirectly disseminate any material designated "CONFIDENTIAL" or any information contained therein to any other persons, except as otherwise provided herein.

6. Any materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall only be used for the purposes of this litigation and shall not be delivered, exhibited, displayed or disclosed or caused to be delivered, exhibited, displayed or disclosed to any person except to:

(a) the Court, court personnel and jury members;

(b) the attorneys of record of the Receiving Party, including their partners, associates and their secretarial, paralegal or clerical employees (hereinafter "attorneys of record");

(c) INTENTIONALLY OMITTED;

(d) litigation support consultants engaged to provide services relating to document indexing or imaging, demonstrative exhibits, graphics, charts, animations and/or jury studies;

(e) court reporters, stenographers and videographers utilized in connection with any deposition in this litigation and their employees;

(f) experts or consultants who are not potential fact witnesses in this action engaged by attorneys of record or the Parties to assist in the litigation, provided that any such non-party has signed an Undertaking in the form of Exhibit A attached hereto;

(g) persons, other than the Parties, being deposed as part of this litigation provided (i) they were either an author or actual and authorized recipient of the materials and are either currently employed by the Producing Party and/or were employed by the Producing Party at the time the Protected Material was created and (ii) they sign an Undertaking in the form of Exhibit A attached hereto and counsel are notified prior to the disclosure of Protected Materials; and

(h) any other person, entity, or firm with the prior written consent of the Producing Party.

No party, or its counsel, shall directly or indirectly disseminate any material designated "HIGHLY CONFIDENTIAL MATERIAL – OUTSIDE ATTORNEYS' EYES ONLY" or any information contained therein to any other persons, except as provided herein.

7.  Discovery material produced without the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be so designated subsequent to production or testimony when the Producing Party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the Receiving Party shall use reasonable efforts to promptly collect any copies that have been provided to individuals other than those identified in this Order. For purposes of this paragraph, the material is deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as of the date upon which notice of the designation is received.

8. All discovery material exchanged between the Parties in this action, whether designated under provisions of this Order or not, shall be used solely for the prosecution or defense of the claims in this action, and shall not be used for any business, commercial, competitive, personal, or other reasons, or for other proposed or pending litigation.

9. In the event PROTECTED MATERIALS are sought to be used at a deposition conducted in connection with this action, counsel for the Party claiming confidentiality may request all persons, except persons entitled to receive such information pursuant to this Order, to leave the room where the deposition is taking place until the completion of an answer or answers containing or derived from such PROTECTED MATERIALS. Immediately after transcribing any deposition in which testimony or information has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," the reporter shall mark the face of the deposition transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," as appropriate. Subject to the provisions of this Order, information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be used at a deposition and may be identified and shown to the person being deposed for the purpose of conducting the deposition. Prior to being identified or shown to the person being deposed, the documents shall be shown to the opposing counsel so the opposing counsel may place objections on the record. Once this process is completed, the deposition may proceed in accordance with the below.

10. Counsel for the person or Party claiming confidentiality may designate portions of the deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" either at the deposition by making a statement for inclusion in the deposition transcript, or within fifteen (15) business days after receipt of the deposition transcript

by notifying opposing counsel in writing. All transcripts of depositions shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until fifteen (15) business days after receipt thereof by counsel for the Party or non-party witness. The reporter for any deposition will mark pages that contain testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

11. All copies of documents comprising or containing PROTECTED MATERIALS and all transcripts of testimony and copies of Court-filed papers containing PROTECTED MATERIALS, other than those on file with the Court, shall be kept only in the possession of the attorneys of record in this litigation or with their agents, consulting or testifying experts or other providers of service to this litigation and as part of the scope of their activity in this litigation.

12. Except as provided herein, no person or entity shall disseminate, display or disclose or cause the dissemination, display or disclosure of the substance of any PROTECTED MATERIALS to any other person or entity.

13. Any party filing with the Court any material that has been designated as PROTECTED MATERIALS ("Filing Party") shall simultaneously file a Motion to Seal such PROTECTED MATERIALS to prevent public disclosure; provided however, (a) the burden of proving to the Court that such PROTECTED MATERIALS should be sealed shall at all times remain with the party that designated the subject material as PROTECTED MATERIALS under the terms of this Order, (b) if the Filing Party is not the Designating Party and is unaware of the specific basis for the Designating Party having designated PROTECTED MATERIALS, then the Filing Party nonetheless is obligated to make a reasonable effort when filing PROTECTED MATERIALS to seal such material. In the event the Filing Party takes exception to any

designation of PROTECTED MATERIALS by the Designating Party, then the Filing Party shall seek relief from such designation pursuant to the procedures set forth in this Order.

14. The provisions of this Order shall survive the termination of this litigation. Upon termination of this action, whether by judgment, settlement or otherwise, all persons to whom PROTECTED MATERIALS have been disclosed pursuant to this Order shall within thirty (30) days thereof, either: (a) assemble and return such material to counsel for the appropriate Party, or (b) certify in writing, to counsel for the appropriate Party, that all PROTECTED MATERIALS have been destroyed.

15. A Party challenging a claim of confidentiality may notify opposing counsel that they do not agree with the designation of documents or other material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." The Parties shall attempt in good faith to resolve any dispute without the need of intervention from the Court. If good faith efforts to resolve this dispute are unsuccessful, the Party challenging a claim of confidentiality may file an application with the Court seeking to have the confidential designation of these documents or other materials removed or altered. The Party claiming confidentiality shall have the burden of establishing its entitlement to confidential treatment of the document(s) in dispute. Nothing shall be regarded as PROTECTED MATERIALS if it is information that: (a) is in the public domain at the time of disclosure as evidenced by a written document; (b) becomes part of the public domain, through no fault of the Receiving Party, as evidenced by a written document; or (c) the Receiving Party can show by written document that the information was properly in its possession at the time of disclosure on a non-confidential basis.

16. If any attorney of record for any Party in this litigation desires to give, show, or make available to any person, other than persons entitled to receive such information pursuant to

this Order (as set forth in Paragraphs 5 and 6 herein), any document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," the attorney must first disclose to opposing counsel the person to whom counsel desires to give or disclose the PROTECTED MATERIALS, and must obtain the written permission of the attorney for the Party who produced the document. If the written consent of the attorney for the Producing Party producing is not provided within ten (10) calendar days after the request is made, the requesting party may make an application to the Court to resolve the matter. Furthermore, each such person must sign the Undertaking in Exhibit A not to disclose or use the information except in accordance with the terms of this Order.

17. Should any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" hereunder be disclosed, through inadvertence or otherwise, to any person or Party not entitled to receive the same hereunder, then the Parties intend to have such person be automatically bound by this Order and such person: (1) shall be informed promptly of all of the provisions of this Order by the Receiving Party; and (2) shall be requested to sign an Undertaking in accordance with Paragraph 5(g) herein. The disclosing Party shall exercise all reasonable efforts to retrieve any such information disclosed to persons not authorized to receive the information under this Order.

18. If the discovery process calls for the production of information the disclosure of which would breach an express or implied agreement by that Party with a non-party to maintain such information in confidence, the Party requested to produce the information shall first give written notice to the non-party with a copy of this Order. When such written notice is given to the non-party, the Party requested to produce the information will advise the other Parties to this action that such notice has been given. If the non-party objects to the production of such information,

the Party requested to produce shall not produce the information until any motion for protective order filed by the non-party is decided by the trial court. Otherwise, the requested information shall be produced in accordance with this Order.

19. In the event that a Party seeks discovery from a non-party to this action, either the non-party or the Parties may invoke the terms of this Order with respect to any PROTECTED MATERIALS provided to the Parties by the non-party by so advising all Parties to this suit in writing. Any such non-party shall have standing to appear in this action in order to file motions and oppose motions, as necessary, to protect such non-party's rights in its confidential information.

20. Privileged communications and work product of any attorney or Party client herein with respect to this litigation that are dated on or after the date of the filing of the original Complaint need not be identified on any privilege log. Any Party that mistakenly produces privileged materials may obtain the return of those materials by promptly notifying the recipient(s) of the privilege and providing a privilege log for any such materials that are dated prior to the filing of the original Complaint. Additionally, a Party receiving any document, thing or information which appears on its face to be privileged shall immediately return any such document, thing or information. The recipient(s) shall then gather and return all copies of the privileged material to the producing Party, except for any pages containing privileged markings by the recipient which shall instead by destroyed and certified in writing as having been destroyed by the recipient to the producing Party within seven (7) days of notice. The inadvertent production of a document, thing or information protected by the attorney-client privilege or attorney work-product immunity, regardless of which Party initially discovers such inadvertent production, does not constitute waiver of any applicable privilege or immunity.

21.   With respect to expert discovery, the Parties agree that (a) drafts of expert reports and working notes in connection with the preparation of expert reports are not discoverable and need not be retained or produced; (b) communications between an expert for a Party and that Party's attorneys are not discoverable, except to the extent that the expert relied upon any such communications or any factual information or data therein as a basis or grounds for any opinion to be expressed by the expert in any direct or rebuttal testimony, and (c) no discovery shall be taken from non-testifying experts. In all other respects, the Parties and their experts shall fully comply with the disclosure requirements of Rule 26(2)(B) of the Federal Rules of Civil Procedure.

22.   The terms of this Order shall in no way affect a Producing Party's right to (a) withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or the work-product doctrine, or (b) reveal or disclose to anyone its own documents or information designated by it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

23.   The Parties further agree that the United States District Court for the District of New Jersey shall retain jurisdiction of this matter so as to resolve any dispute arising in connection with this Order, whether before or after the termination of this action.

**We hereby consent to the form and entry of this Discovery Confidentiality Order.**

Respectfully submitted,
s/ _____
Michael Sullivan
Glen A. Sproviero
**ELLENOFF GROSSMAN & SCHOLE LLP**
1345 Avenue of the Americas, 11th Floor

Respectfully submitted,
/s/ _____
Keith J. Miller
Michael J. Gesualdo
**ROBINSON MILLER LLC**
One Newark Center, 19th Floor
Newark, New Jersey 07102

New York, NY 10105
Tel: (212) 370-1300
msullivan@egsllp.com
gsproviero@egsllp.com

*Attorneys for Plaintiffs*
*Dr. Vijay Vasudev,*
*Dr. Kanchan Vasudev,*
*Dr. Manu Vasudev and*
*Tarun Vasudev,*

Telephone: (973) 690-5400
Facsimile: (973) 466-2761
kmiller@rwmlegal.com
mgesualdo@rwmlegal.com

*Attorneys for Defendants*
*MMG Group of USA, LLC, Vector Global*
*Holding Inc., Greene County Properties, LP,*
*Rohit Punj, Shivani Punj, Madhu Punj, and*
*Eileen Zullo*

**For good cause shown, it is so ordered.**

Dated this __29th__ day of December, 2016.

_____
**HONORABLE DOUGLAS A. ARPERT, U.S.M.J.**

y
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

DR. VIJAY VASUDEV;
DR. KANCHAN VASUDEV;
DR. MANU VASUDEV; AND
TARUN VASUDEV,

                Plaintiffs,

v.

MMG GROUP OF USA, LLC;
VECTOR GLOBAL HOLDING INC.;
GREENE COUNTY PROPERTIES, LP;
ROHIT PUNJ; SHIVANI PUNJ;
MADHU PUNJ; AND EILEEN ZULLO

                Defendants.

-----------------------------------------------------------------X

Civil Action No. 3:15-cv-07554 (BRM) (DEA)

**DISCOVERY CONFIDENTIALITY ORDER**

## EXHIBIT A

### UNDERTAKING CONCERNING PROTECTED MATERIALS

The undersigned, having been designated as a person who may have access to information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" hereby acknowledges that I have read the Discovery Confidentiality Order dated _____ and entered in captioned actions entitled *Dr. Vijay Vasudev et al. v. MMG Group of USA, LLC et al.*, Civil Action No. 3:15-cv-07554 (BRM) (DEA), that I understand the terms thereof, and that I agree to be bound by such terms.

Dated: _____      By: _____

                                                  Name:
                                                  Company:
                                                  Title:
                                                  Address: